**Jim BEARD, Appellant,**

v.

**ALABAMA BOARD OF CORRECTIONS,**
**Appellee.**

**No. 25450.**

United States Court of Appeals
Fifth Circuit.

May 30, 1969.

---

Jim Beard, pro se, appellant.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

McRAE, District Judge.

This appeal is taken from the denial of Appellant's Petition for Writ of Permanent Injunction in the District Court. Appellant sought to enjoin enforcement of a directive issued by state prison authorities which prohibits prisoners from assisting or aiding other inmates in the preparation of petitions for writs of habeas corpus in state or federal courts.[1]

Appellant, bringing this action on behalf of himself and all other prisoners similarly situated, claims that the directive violates certain constitutional rights guaranteed by the fourteenth amendment. Jurisdiction of the District Court was properly invoked. 28 U.S.C. § 1343(3); 42 U.S.C. §§ 1983, 1985(3).

After the issuance of the District Court's order, the Supreme Court decided in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), that * * * unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation * * * barring inmates from furnishing such assistance to other prisoners. 393 U.S. at 490, 89 S.Ct., at 751, 21 L.Ed.2d at 724.

Directive No. L–42 of the Alabama prison authorities is substantially identical to the regulation the enforcement of which was found to be constitutionally defective in Johnson v. Avery, *supra.* Its enforcement likewise cannot be permitted.

■■ The present regulation, absolute in its terms, deprives many prisoners of their statutory and constitutional right to file a petition for habeas corpus in a federal court, and thus is invalid as written. State prison authorities may impose reasonable restraints upon the giving and receiving of assistance consistent with the maintenance of proper prison discipline and morale. Regulations restricting the time and place such aid may be made available and prohibiting the giving of compensation would be

---

1. Directive No. L–42, dated September 21, 1967, reads:

No inmate will advise, assist, or otherwise contract to aid another, either with or without a fee, to prepare Writs or other legal matters. It is not intended that an innocent man be punished. When a man believes he is unlawfully held or illegally convicted, he can prepare a brief or state his complaint to a court. False charges or untrue complaints may be punished. Inmates are forbidden to set themselves up as practitioners for the purpose of promoting a business of writing Writs.

acceptable. A regulation prohibiting the granting of assistance altogether might well be sustained if the state were to make available a sufficient number of qualified attorneys or other persons capable and willing to render voluntary assistance in the preparation of petitions for habeas corpus relief.

Reversed and remanded for entry of an order not inconsistent with this opinion.